UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT BURRELL
on behalf of himself and other persons
similarly situated, known and unknown;

        Plaintiff,

                                      Case No._____
                                      Hon._____

v.

PRIME CARE SERVICES, INC;
BRIGHT TRANSPORATION, LLC;
ROYAL ONE TRANSPORTATION, LLC;
and MOHAMED ALI (aka MOHAMAD
ALI); jointly and severally;

        Defendants.
_____/
John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
**Attorneys for Plaintiff**
_____/

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff ROBERT BURRELL on behalf of himself and other persons similarly situated, known and unknown, by and through his attorneys the MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and for his Complaint, does hereby allege as follows:

## I. NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C §201 *et. seq.* ("FLSA") and the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.* ("MMWL") for Defendants' failure to pay minimum wage and overtime wages to Plaintiff, and other similarly situated employees and under breach of contract by Defendants. Defendants' unlawful compensation practices have denied Plaintiff, and other similarly situated persons, their earned wages.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C § 1331 and 29 U.S.C § 216(b). This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367. The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues

3. Venue is proper pursuant to 28 U.S.C §1391, since all Defendants reside in or are located within this District and the events giving rise to this actions occurred in this District.

## III. PARTIES

4.  Plaintiff ROBERT BURRELL resides in the City of Ecorse in Wayne County, Michigan and is a citizen of the United States.  Plaintiff ROBERT BURRELL worked for the Defendants.as a van driver.

5.  Defendant PRIME CARE SERVICES, INC. ("PRIME CARE") is and was at all times material hereto, a body corporate incorporated and registered under the laws of the State of Michigan.  The Defendant PRIME CARE maintains offices in the City of Dearborn in Wayne County, Michigan.

6.  Defendant BRIGHT TRANSPORATION, LLC ("BRIGHT TRANSP.") is and was at all times material hereto, a body corporate incorporated and registered under the laws of the State of Michigan.  The Defendant BRIGHT TRANSP. maintains offices in the City of Dearborn in Wayne County, Michigan.

7.  Defendant ROYAL ONE TRANSPORTATION, LLC ("ROYAL ONE") is and was at all times material hereto, a body corporate incorporated and registered under the laws of the State of Michigan.  The Defendant ROYAL ONE maintains offices in the City of Dearborn in Wayne County, Michigan.

8.  Defendant MOHAMED ALI (aka MOHAMAD ALI) is and was at all times is and was at all times material hereto, an owner, officer, and/or manager of the Defendants PRIME CARE, BRIGHT TRANSP., and ROYAL ONE; and resides in the City of Dearborn in Wayne County, Michigan.

## IV. COMMON ALLEGATIONS OF FACT

9. Beginning in approximately 2016, Plaintiff ROBERT BURRELL was employed by the Defendants as a van driver.

10. Plaintiff ROBERT BURRELL and similarly situated persons worked from Defendants' location at 3357 Calhoun Street in Dearborn, Michigan.

11. The Defendants are, and were at all times material hereto, engaged in the non-emergency medical transportation business.

12. The Defendant MOHAMED ALI exercised control over the operations of the Defendants PRIME CARE, BRIGHT TRANSP., and/or ROYAL ONE, and had supervisory duties, participated in and/or set employee policies, and acted in the interest of the Defendants PRIME CARE, BRIGHT TRANSP., and ROYAL ONE in relation to the Plaintiff ROBERT BURRELL and similarly situated persons.

13. Each of the Defendants were individually, jointly, and/or alternatively an employer of the Plaintiff ROBERT BURRELL and similarly situated persons.

14. Defendants operated as a single enterprise.

15. Defendants PRIME CARE, BRIGHT TRANSP., and ROYAL ONE are the alter ego of the Defendant MOHAMED ALI.

16. Defendants misclassified Plaintiff ROBERT BURRELL and similarly situated persons as independent contractors.

17. Defendants supplied Plaintiff ROBERT BURRELL and similarly situated persons with the van that he operated and with all the tools and equipment of their employment.

18. Defendants established Plaintiff ROBERT BURRELL and similarly situated persons' weekly work schedule, customer routes, and all aspects of the manner in which their work was performed.

19. Defendants regularly required Plaintiff ROBERT BURRELL and similarly situated persons to work twelve or more hours per day.

20. At all times, federal and Michigan laws prohibited the Defendants from compensating the Plaintiff ROBERT BURRELL and similarly situated persons in an amount below the minimum wage rate.

21. Under the Fair Labor Standards Act, the federal minimum wage rate is $7.25 per hour.

22. Under the Michigan Workforce Opportunity Wage Act, the state minimum wage rate was $8.90 per hour from January 1, 2017 through December 31, 2017; and $9.25 per hour from January 1, 2018 through the present.

23. Defendants compensated Plaintiff ROBERT BURRELL at a flat rate of $80 per day for a twelve hour shift.

24. At the time of hire, Plaintiff ROBERT BURRELL and similarly situated persons were instructed by the Defendants to use an app called "WellRyde."

The Defendants' app dispatched Plaintiff and similarly situated persons and tracked Plaintiff's time, pickups and drop-offs.

25. As a result of Defendants' policies and practices, Defendants failed to pay Plaintiff ROBERT BURRELL and similarly situated persons at the federal or state minimum wage rates.

26. Under the Fair Labor Standards Act and the Michigan Workforce Opportunity Wage Act, Defendants are required to pay Plaintiff ROBERT BURRELL and similarly situated persons compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

27. Throughout the time that he worked for the Defendants, Plaintiff ROBERT BURRELL and similarly situated persons often worked more than forty (40) hours in a workweek.

28. Plaintiff ROBERT BURRELL, and similarly situated persons, regularly worked twelve (12) or more hours in a single day.

29. Plaintiff ROBERT BURRELL, and similarly situated persons, regularly worked five days per week.

30. Throughout the time of his employment, the Defendants maintained a policy or practice, which applied to all employees, of not paying overtime wages for all work in excess of forty (40) hours.

31. Defendants failed to pay Plaintiff ROBERT BURRELL, and similarly situated persons, compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

32. Throughout the time of Plaintiff's employment, the Defendants' failed to maintain proper records of their employees' work time.

33. In violation of the federal and Michigan law, Defendants failed to pay Plaintiff ROBERT BURRELL and similarly situated persons, at required minimum wage rates and for overtime hours worked.

## V. CLASS & COLLECTIVE ACTION

34. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein,

35. Counts 1 & 2 are brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. 216(b).

36. A copy of Plaintiff ROBERT BURRELL's consent to bring his claim for unpaid overtime wages under the Fair Labor Standards Act as a representative action is attached hereto as Exhibit A.

37. The collective class consists of all persons who were, as alleged herein, employees of the Defendants hired as drivers and who were not properly paid at required minimum wage and overtime rates.

38. Counts 3, 4, 5 & 6 are brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because:

    a. the class of plaintiffs is so numerous that joinder of all class members is impracticable;

    b. there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

    c. the claims or defenses of the representative party is typical of the claims of the class;

    d. the representative parties will fairly and adequately assert and protect the interests of the class; and

    e. the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

39. The class representative and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime pay.

40. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

41. The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

42. The class representative, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

43. The class representative is able to fairly and adequately represent and protect the interests of the class.

44. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

45. A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## COUNT 1: VIOLATION OF THE FEDERAL
## FAIR LABOR STANDARDS ACT
## (Minimum Wage)

46. Plaintiff incorporates by reference paragraphs 1 through 45 as though fully stated herein.

47. At all times relevant to this action, Plaintiff ROBERT BURRELL and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Fair Labor Standards Act 29 U.S.C §201 *et. seq.*

48. At all times relevant to this action, Defendants were the employer of Plaintiff ROBERT BURRELL and other persons similarly situated within the meaning of the Fair Labor Standards Act, 29 U.S.C §201 *et. seq.*

49. In violation of the Fair Labor Standards Act 29 U.S.C §201 *et. seq.*, Defendants failed to pay Plaintiff ROBERT BURRELL and other persons similarly situated at the federal minimum wage rate.

50. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff ROBERT BURRELL and other persons similarly situated at federal minimum wage rates

51. Defendants knowingly, intentionally, and willfully failed to pay ROBERT BURRELL and other persons similarly situated at the federal minimum wage rate.

52. As a result of Defendants conduct Plaintiff ROBERT BURRELL and other persons similarly situated, known and unknown, are entitled to an award of damages including but limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as followed by law and equity.

### **COUNT 2: VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (Overtime)**

53. Plaintiff incorporates by reference paragraphs 1 through 52 as though fully stated herein.

54. At all times relevant to this action, Plaintiff ROBERT BURRELL and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

55. At all times relevant to this action, Defendants were the employer of the Plaintiff ROBERT BURRELL and other persons similarly situated within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

56. In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, Defendants failed to pay Plaintiff ROBERT BURRELL and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

57. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff ROBERT BURRELL and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

58. Defendants knowingly, intentionally, and willfully failed to pay Plaintiff ROBERT BURRELL and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

59. As a result of Defendants' conduct, Plaintiff and other persons similarly situated, known and unknown, are entitled to an award of damages including but not

limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### COUNT 3: VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### (Minimum Wage)

60. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully stated herein.

61. At all times relevant to this action, Plaintiff and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

62. At all times relevant to this action, Defendants were the employer of the Plaintiff and other persons similarly situated within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

63. In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*., Defendants failed to pay plaintiff ROBERT BURRELL and other persons similarly situated at the Michigan minimum wage rate for all hours worked.

64. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff ROBERT BURRELL and other persons similarly situated at Michigan minimum wage rates.

65. Defendants knowingly, intentionally, and willfully failed to pay ROBERT BURRELL and other persons similarly situated at Michigan's minimum wage rate.

66. As a result of Defendants' conduct Plaintiff ROBERT BURRELL and other persons similarly situated, known and unknown, are entitled to an award of damages including but limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as followed by law and equity.

### COUNT 4: VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### (Overtime)

67. Plaintiff incorporates by reference paragraphs 1 through 64 as though fully stated herein.

68. At all times relevant to this action, Plaintiff ROBERT BURRELL and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

69. At all times relevant to this action, Defendants were the employer of the Plaintiff ROBERT BURRELL and other persons similarly situated within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

70. In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*, Defendants failed to pay Plaintiff ROBERT BURRELL and other persons similarly situated at Michigan's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

71. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff ROBERT BURRELL and other persons similarly situated at the state's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

72. Defendants knowingly, intentionally, and willfully failed to pay Plaintiff ROBERT BURRELL and other persons similarly situated at the Michigan overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

73. As a result of Defendants' conduct, Plaintiff ROBERT BURRELL and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff ROBERT BURRELL and other persons similarly situated, known and unknown, demands a jury trial and prays that this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries so wrongfully sustained by the Plaintiff including but not limited to compensatory damages, liquidated damages, punitive damages, interest, costs, and attorney fees and other damages allowed in law and equity.

             Respectfully Submitted,

             By: */s/ John C. Philo*
             John Philo
             Tony Paris
             MAURICE & JANE SUGAR LAW CENTER
             FOR SOCIAL AND ECONOMIC JUSTICE
             4605 Cass Avenue, Second Floor
             Detroit, MI 48201
             **Attorneys for Plaintiff**

Dated: March 23, 2018

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT BURRELL
on behalf of himself and other persons
similarly situated, known and unknown;

      Plaintiff,

                                       Case No._____
                                       Hon._____

v.

PRIME CARE SERVICES, INC;
BRIGHT TRANSPORATION, LLC;
ROYAL ONE TRANSPORTATION, LLC;
and MOHAMED ALI (aka MOHAMAD
ALI); jointly and severally;

              Defendants.
_____/
John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
**Attorneys for Plaintiff**
_____/

NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF
IN A COLLECTIVE ACTION UNDER THE
FAIR LABOR STANDARDS ACT

1

By my signature below, I represent to the Court that I have been employed by the above-named Defendants within the prior three (3) years, that I have not been paid the federally mandated minimum wages/and or overtime wages due to me pursuant to 29 USC §§206-207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:   ROBERT BURRELL

Signature: _____

Date on which I signed this notice: 3-13-18


John Philo (P52721)
Tony Paris (P71525)
**SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
***Attorneys for Plaintiff***

2